## AMERICAN RAILWAY EXPRESS CO. v. MORRIS.

No. 17705.   Opinion Filed Jan. 10, 1928.

Rehearing Denied Feb. 28, 1928.

(Syllabus.)

1. **Commerce—Police Power of State to Quarantine Against Importation of Infected Plants in Absence of Action by Congress.**

In the absence of any action taken by the national Congress on the subject-matter, a state, in the exercise of its police power, may establish quarantines against plants, the importation of which may expose plants or growing crops to disease, injury, or destruction.

2. **Same—Exclusive Jurisdiction Given Federal Department by Act of Congress.**

Act of Congress August 20, 1912, sec. 8, as amended by Act March 4, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, sec. 8760), gave to Agricultural Department of federal government exclusively the care of horticulture and agriculture of several states, so far as affected injuriously by transportation in foreign and interstate commerce of anything which by reason of its character can injuriously affect trees, plants, or crops.

3. **Same—State Statute Nullified by Act of Congress.**

Chapter 20, art. 12, secs. 3795-3834) C. O. S. 1921, giving the Board of Agriculture power to establish quarantines against the importation of infected trees and plants, cannot be given application while the Act of Congress of August 20, 1912, section 8, as amended by Act of March 4, 1917 (Comp. Sts. 1928, Comp. St. Ann. Supp. section 8760), is in force.

4. **Same—Action for Damages to Crop Founded on State Statute—Plaintiff's Petition Demurrable.**

Plaintiff's action was founded on interstate shipment of sweet potato plants from Texas to Oklahoma made in violation of quarantine orders issued by the Oklahoma State Board of Agriculture, as authorized by chapter 20, art. 12, C. O. S. 1921, but, inasmuch as Congress had assumed control of the subject-matter of interstate quarantine over agricultural commodities or products, such control was exclusive, and the

trial court erred in overruling defendant's demurrer to plaintiff's petition.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by Thomas J. Morris against the American Railway Express Company. Judgment for the plaintiff, and defendant appeals. Reversed.

Rainey, Flynn, Green & Anderson and M. M. Gibbens, for plaintiff in error.

J. H. Foster and Womack, Brown & Cund, for defendant in error.

MASON, V. C. J. This is an appeal by the American Railway Express Company from a judgment in the principal sum of $1,500 obtained against it by Thomas J. Morris in the district court of Stephens county. For convenience, the parties will be referred to as plaintiff and defendant in the order in which they appeared in the trial court.

The action was instituted by the plaintiff for recovery of damages alleged to have been sustained to his sweet potato crop for the years 1922 and 1923, by reason of weevil infestation and ensuing quarantine established by the State Board of Agriculture by reason thereof. Plaintiff's action was based on the allegation of defendant's negligence in that it received and transported sweet potato plants from the state of Texas into the state of Oklahoma without the plants having been inspected and without certificate of inspection having been attached to the shipment showing them to be practically free from injurious insects and diseases and that they were suitable for planting. It was also alleged that said acts were in violation of express quarantine regulations and edicts promulgated by the State Board of Agriculture as authorized by chapter 20, art. 12, C. O. S. 1921.

For reversal, it is first urged that the trial court erred in overruling defendant's demurrer to the plaintiff's amended petition. Plaintiff's amended petition alleged that the shipments of potato plants, which gave rise to his cause of action, originated in the state of Texas and were delivered in this state. Said shipments, therefore, were controlled by section 8 of the Act of Congress of August 20, 1912, as amended by the Act of March 4, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, sec. 8760).

Since the trial of this case in the lower court, the Supreme Court of the United States, in the case of Oregon-Washington R. & Nav. Co. v. State of Washington, 270 U. S. 87, 46 Sup. Ct. Rep. 279, considered and construed a statute of the state of Washington very similar to ours. The Director of Agriculture of the state of Washington, acting under authority of such statute, which authorized him so to do, promulgated a quarantine order against bringing alfalfa from certain adjoining states into the state of Washington because of the danger of introducing alfalfa weevil into the state. Later, the state sought and obtained, in a district court of the state of Washington, an order enjoining the Oregon-Washington R. & Nav. Company from violating said order of the Director of Agriculture by bringing such alfalfa into the state. The judgment of the district court was affirmed by the state Supreme Court, but the Supreme Court of the United States, in an opinion written by Mr. Chief Justice Taft, reversed said judgment. The opinion holds that, in the absence of any action taken by the national Congress on the subject-matter, a state, in the exercise of its police power, may establish quarantines against human beings, or animals, or plants, coming in of which may expose inhabitants, or stock, or trees, plants, or growing crops to disease, injury, or destruction, even though affecting interstate commerce.

The opinion further holds that the Act of Congress, above referred to, gave the Agricultural Department of the federal government exclusively the care of horticulture and agriculture of the several states, so far as affected injuriously by transportation in foreign and interstate commerce of anything which, by reason of its character, can injuriously affect trees, plants, or crops, and that the laws of Washington giving the Director of Agriculture power to establish quarantines against the importation of infected trees and plants cannot be given application in view of said Act of Congress.

It is clear, therefore, that the amended petition of the plaintiff herein did not state a cause of action.

Counsel for defendant in error contend, however, that the validity of the state statute was not properly drawn in issue by a general demurrer to plaintiff's amended petition. Counsel also contend that the Act of Congress, above referred to, was first presented in the briefs of the plaintiff in error in this court, and cites a long line of cases of this court holding that parties will not be permitted to change the theory of the case on appeal. We are thoroughly familiar with the cases cited and the rules announced therein, but we cannot agree that plaintiff in error is attempting to change theories in this court.

The defendant, by filing its demurrer in

the lower court, insisted that the amended petition of the plaintiff failed to state a cause of action in favor of the plaintiff and against the defendant, and in this contention we must agree. Plaintiff's cause of action was founded upon an alleged violation of chapter 20, art. 12, C. O. S. 1921, as carried into effect by a proclamation of the Board of Agriculture against the importation of sweet potato plants, because of the danger of introduction of sweet potato weevil into this state, but, inasmuch as the national Congress had seen fit to legislate upon the same subject-matter, the state law cannot be given application, and the plaintiff's amended petition, therefore, failed to state a cause of action, and the trial court erred in overruling the defendant's demurrer thereto. Having reached this conclusion, it is not necessary to discuss the other assignments of error.

The judgment of the trial court is reversed, and the cause is remanded, with directions to dismiss plaintiff's case.

BRANSON, C. J., and PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 12 C. J. p. 55, §66; 5 R. C. L. p. 781. (2, 3, 4) 12 C. J. p. 54. §66; 5 R. C. L. p. 783.